Filed 12/11/25  P. v. Collins CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B339329 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384297) |
| v. | |
| PAUL DONTA COLLINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Reversed with directions.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan Krauss and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Paul Donta Collins appeals from the superior court's judgment after he was resentenced under Penal Code section 1172.75.[1]  Collins argues the superior court improperly calculated his custody credits and imposed a restitution fine under section 1202.4, subdivision (b), that is no longer enforceable or collectible.  The People concede these errors.  Collins also argues the superior court improperly increased a section 1202.45 restitution fine from $300 to $400 at resentencing.  The People do not address this issue.  We conclude the court erred, and we reverse and remand the matter with directions to recalculate Collins's custody credits, to vacate the $400 restitution fine imposed under section 1202.4, and to vacate the $400 restitution fine imposed under section 1202.45 and impose and suspend the original $300 fine.

In 2014, Collins pleaded no contest to driving under the influence causing great bodily injury.  (Veh. Code, § 23153, subd. (a).)  He admitted four separate great bodily injury allegations (§ 12022.7, subd. (a)) and admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(i); 1170.12), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced Collins to a total of 24 years in state prison with 1,737 days of custody credit (1,511 actual days plus 226 days conduct credit).  The court further ordered Collins to pay a $300 restitution fine (§ 1202.4, subd. (b)); a $300 parole revocation restitution fine, suspended pending successful completion of parole (§ 1202.45); a $40 court security fee (§ 1465.8); a $30 criminal conviction fee (Gov. Code,

---

[1]     All further section references are to the Penal Code unless otherwise specified.

2

§ 70373), and victim restitution totaling $59,809.45 (§ 1202.4, subd. (f)).

In 2021, the Legislature enacted Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) "retroactively invalidat[ing] prison prior enhancements imposed pursuant to section 667.5, subdivision (b), except those that were based on a conviction for a sexually violent offense." (*People v. Green* (2024) 104 Cal.App.5th 365, 368; accord, *People v. Rogers* (2025) 108 Cal.App.5th 340, 348, fn. 5.) Once the court verifies that "the current judgment includes [such a] sentencing enhancement . . . the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 163; *People v. Burgess* (2022) 86 Cal.App.5th 375, 381.) Resentencing under section 1172.75 is not limited to striking the section 667.5, subdivision (b), enhancement. Rather, the court must conduct a ""'"full resentencing."'"" (*Green*, at p. 373; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855.) The parties may waive a resentencing hearing. (See § 1172.75, subd. (e).)

Collins's sentence included an enhancement under section 667.5, subdivision (b), making him eligible for resentencing under section 1172.75. In 2024, Collins and the People entered into a stipulation under which his 24-year prison sentence would be vacated, and he would be resentenced pursuant to section 1172.75 to 18 years in prison, calculated as follows: the upper term of three years (Veh. Code, § 23153, subd. (a)), doubled for a total of six years under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subd. (a)), plus three years for

each of the four great bodily injury allegations (§ 12022.7, subd. (a)), for a total of 12 years.[2]

The superior court accepted the stipulation, struck the one-year prior prison term enhancement and the five-year prior serious felony enhancement and resentenced Collins to 18 years in state prison. The court then stated that Collins was to receive 1,737 days custody credit for time served prior to his conviction and ordered "the Department of Corrections to calculate credits since his receipt into state prison." The court also reimposed all the previously ordered fines and fees, but it increased both the fines under sections 1202.4, subdivision (b), and 1202.45 from $300 to $400 each. Collins timely appealed.

Collins makes three arguments. First, he argues the superior court improperly delegated the recalculation of his custody credits to the Department of Corrections and Rehabilitation. The People concede, and we agree, the superior court was required to calculate the actual custody credit due to Collins. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"]; see also § 2900.1 ["Where a defendant has served any portion of his sentence under a commitment based upon a

---

[2] Collins admitted an aggravating factor pursuant to California Rules of Court, rule 4.421(a)(1). (See § 1172.75, subd. (d)(4) ["Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."].)

judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."].)

Next, Collins argues the restitution fine imposed under section 1202.4 must be vacated because section 1465.9, subdivision (d), rendered the fine "unenforceable and uncollectible," and it should be vacated. The People concede and we agree the fine should be vacated.[3]

Effective January 1, 2025, section 1465.9 was amended to add subdivision (d), which provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." Collins was resentenced in 2024, before the effective date of the amendment. But we agree with the People that the amendment applies retroactively to Collins's sentence. (See *In re Estrada* (1965) 63 Cal.2d 740, 748 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].) Collins's section 1202.4 restitution fine, which was imposed over 10 years ago in 2014, must therefore be vacated.

Finally, Collins asserts the superior court unlawfully increased the parole revocation restitution fine under section 1202.45 from $300 to $400 and urges this court to reduce the amount of the fine to $300. The People do not address this

---

[3]     Collins also argues the superior court lacked authority to increase the section 1202.4 restitution fine from $300 to $400. We agree with the People that vacating the fine renders this issue moot. (See *People v. McCray* (2023) 98 Cal.App.5th 260, 267.)

5

issue in their respondent's brief. We conclude the superior court erred when it increased the parole revocation restitution fine at resentencing. (See *People v. Hanson* (2000) 23 Cal.4th 355, 357 ["California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing" and statutorily mandated restitution fines constitute punishment subject to this rule.].)

## DISPOSITION

The judgment is reversed and the matter is remanded to the superior court to (1) recalculate Collins's custody credits, (2) vacate the $400 restitution fine imposed under section 1202.4, and (3) vacate the $400 restitution fine imposed under section 1202.45 and impose and suspend the original $300 fine. The superior court is further directed to prepare and then forward to the California Department of Corrections and Rehabilitation a new abstract of judgment.

MARTINEZ, P. J.

We concur:

SEGAL, J.                    FEUER, J.

6